## SPRINGER *v.* THE STATE.

1. Proof that the criminal act was committed within two years of the finding
   of the indictment (the charge being a misdemeanor) is sufficient, though the
   month and day may not appear.
2. Evidence that a witness searched the person of the accused and discovered a
   concealed pistol on his person is not rendered inadmissible because the wit-
   ness may not have had a legal right to make the search.
3. The verdict was amply supported by the evidence.

Submitted October 19,—Decided November 10, 1904.

Indictment for carrying concealed weapon.  Before Judge
Hodnett.  City court of Carrollton.  July 16, 1904.

*James Beall*, for plaintiff in error.
*S. Holderness, solicitor*, and *R. D. Jackson*, contra.

EVANS, J.  John Springer was convicted, in the city court of
Carrollton, of the offense of carrying a concealed weapon.  Pend-
ing the trial he made a motion to rule out the testimony of a
witness sworn in behalf of the State.  This motion the court
overruled, and its refusal to sustain the same is assigned as error.
He also contends that the evidence for the State was insufficient

to show his guilt, because it does not affirmatively appear that the offense was committed within two years preceding the finding of the indictment. The indictment charged that the offense was committed on October 15, 1903, and was returned at the April term, 1904, of Carroll superior court. The witness stated that he could not remember exactly the date of the occurrence, but it was year before last; it may have been last year; it was in the fall of the year, but witness could not remember the date; he did not try to remember the date. The trial took place in July, 1904. Whether the occurrence to which the witness testified was in the fall of 1903 or in the fall of 1902, the occurrence must have been within two years next preceding the finding of the indictment, and this fact was made to sufficiently appear.

The testimony which the court declined to rule out was as follows: "I am and was a policeman here in Carrollton, Ga., and while on duty some time back I had arrested two negroes and was going with them to the calaboose, and while I was on the way with them I heard another negro holloaing down the streets, and after I had put up the two negroes I went to hunt the person I heard holloaing, and I found it was John Springer, the defendant here. He was drunk and was going down Rome street, and I ran up behind him, and just as I overtook him he turned facing me and I caught him by both arms and he (defendant) put his hand back under his coat as if to draw a pistol, but I beat him to it and took the pistol out of his pocket. I found the pistol in his pants pocket. It was concealed. He had on a pair of overall pants and a long coat over the pants that contained the pistol, and I took him, after I found the pistol, to the calaboose." The motion to rule out this testimony was based on the ground that "the witness had, without the consent and against the will of the movant, forcibly taken his pistol off of his person without first arresting him, thereby forcing movant and compelling him to surrender a pistol, thus disclosing that he was violating the law; thereby compelling movant to produce evidence to criminate himself."

A policeman is a peace officer and has the right, without a warrant, to arrest for an offense against a municipal ordinance happening in his presence. The record does not disclose with certainty that the defendant was arrested for being drunk and

disorderly on the streets of Carrollton, but the policeman did testify that, as matter of fact, the negro was intoxicated and was acting disorderly. The policeman doubtless would have been justified in making the arrest. Assuming, however, that his purpose was not to arrest the defendant for a violation of a municipal ordinance, the evidence is to the effect that the defendant attempted to draw the pistol on the policeman, and that the latter, anticipating his purpose, caught hold of him and pulled the pistol from his pocket. So, treating the same as a search made at the time of making a lawful arrest, or as the result of defensive measures employed by the policeman to protect himself, the evidence was admissible. In *Evans'* case, 106 *Ga.* 519, the·policeman acted on information that some one had discharged a pistol in the neighborhood of the depot, and did compel the accused, against his will, to deliver up his pistol. The court held in that case that the evidence thus obtained was in the nature of an involuntary confession, and therefore inadmissible. See also *Day* v. *State*, 63 *Ga.* 467. These cases are discussed in *Dozier* v. *State*, 107 *Ga.* 709, and distinguished from a case like that now before us. In the *Dozier* case it appeared that the defendant had been arrested under a warrant for another offense, and after his arrest the sheriff searched him and found a pistol concealed in one of his coat pockets. It was said (page 710): "Whether the search was lawful or unlawful can make no difference as to the admissibility of the evidence. The question is, did he have a concealed pistol about his person? It was the sheriff who furnished the evidence, and not the prisoner." See also *Williams* v. *State*, 100 *Ga.* 511. And in the present case, the policeman did not require the defendant to give evidence against himself, but, either in the course of making a lawful arrest or in protecting himself against an anticipated assault, made the discovery that the defendant had a concealed pistol which he was attempting to draw and doubtless would have drawn if not prevented from so doing. So that, in any view of the case, the evidence was admissible and was sufficient to sustain the verdict of guilty.

*Judgment affirmed. All the Justices concur.*