John P. Lomenzo, J.
This is a motion to dismiss an information filed against the defendant, charging him with driving an automobile while in an intoxicated condition, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York. The information, in substance, states that the defendant, on the 20th day of January, 1956, in the city of Rochester, unlawfully drove and operated an automobile upon a public street while in an intoxicated condition; that on that day at approximately 3:45 p.m., the complainant police officer, in response to an accident call, arrived at the scene of an accident on South Union Street in the city of Rochester; that upon arriving at the scene, he found that two automobiles had been involved in an accident, one being a 1951 Chevrolet, bearing New York State license CM 8723, and another automobile which the deponent later found out to be a 1953 Plymouth, bearing New York State license MV 3038. That the police officer complainant, after making an investigation of the accident, went to the home of the defendant in the city of Rochester at about 4:30 p.m. of the same day, and at that time had a conversation with the defendant, who stated to the police officer that he had been involved in the subject accident with his 1953 Plymouth bearing New York State license MV 3038, on South Union Street, and that after he had struck the other vehicle, he left the scene of the accident, ‘ ‘ because he had been drinking quite a bit and did not want to be arrested for driving while intoxicated. ’ ’ That the defendant stated he had not been drinking from the time of said accident up to the arrival of the police officer at his home. That the police officer observed the defendant at his home, and stated that the defendant’s eyes were bloodshot, that his breath smelled of alcohol, that the defendant had his shoes off and as he went to get his shoes, he staggered as he walked, and that in the opinion of the police officer, the defendant was, at that time, in an intoxicated condition. The defendant first moves to dismiss the information on the ground that the court lacks jurisdiction of the person of the defendant, contending that a police officer cannot make an arrest for a misdemeanor without a warrant unless the crime was committed in the presence of the arresting officer.
The contention of the defendant relating to his arrest is untenable. It is generally true that a police officer cannot make an arrest for a misdemeanor without a warrant unless the crime was committed in the presence of the arresting officer (Code Crim. Pro., § 177). However, there is no question but that the arrest made here is lawful in view of the provisions of subdivision 5-c of section 70 of the Vehicle and Traffic Law of the State *439 of New York, which provides that an arrest can be made by a peace officer for a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, driving while intoxicated, even though not committed in his presence, when he has reasonable cause to believe that the violation was committed by such person. The defendant has been lawfully arrested.
The defendant urges a dismissal of the information on the further ground that the same is fatally defective, since it fails to furnish legal evidence sufficient to require the defendant to stand trial.
In view of the lawful arrest of the defendant, this court acquired jurisdiction of the person of the defendant, and the information before the court serves only the function of a pleading. (People v. Schultz, 301 N. Y. 495; People v. Belcher, 302 N. Y. 529.) Consequently, we are not concerned with an information that furnishes the basis for the issuance of a warrant, In such a case, the information must set forth or be supported by deposition setting forth sufficient facts, under oath, by a person competent to testify about such facts, or other proper evidence tending to show the commission of the crime and the defendant’s probable guilt, (People v. Belcher, supra.)
Where an information constitutes a pleading, certain requirements must be met since no person may be punished for a crime without a formal and sufficient accusation. (Albrecht v. United States, 273 U. S. 1, 8.) Such an information must contain sufficient facts to identify the crime the defendant is accused of committing, in order to inform the defendant of the charge against him, so that he may prepare his defense and to prevent him from being tried again for the same offense in the event of an acquittal. An information bearing the status of a pleading containing these basic allegations is deemed sufficient, if the substance of the charge and accusation is based upon “ ‘ requisite “ legal evidence ”, pointing to the commission of the crime and defendant’s probable guilt.’ ” (People v. Jacoby, 304 N. Y. 33, 39.)
No further depositions in support of such an information are required and a complainant is not required to particularize the evidence upon which he relied. We hold that the information is based upon ‘ ‘ legal evidence ’ ’ sufficient to point to the commission of the crime and defendant’s probable guilt. The contention of the defendant that the allegations of the information are based on ‘ ‘ illegal and hearsay evidence ’ ’ is contrary to the facts alleged in the information. The information specifically charges the crime of driving an automobile while intoxicated with a specific reference to the section of the Vehicle and *440 Traffic Law involved; that a short time after arriving at the scene of the accident, the complainant police officer went to the home of the defendant, conversed with him and observed him, as a result of which the defendant admitted participation with his car in the subject accident; that he had been drinking, but not since the accident, and that he had left the scene of the accident for the purpose of preventing his arrest for driving while intoxicated, as well as the resultant opinion of the complainant police officer that the defendant, a short time after the accident, at his home, was intoxicated. It is clear that the facts stated by the officer in the information are based in part upon his own personal observations within a short time after the accident and upon the defendant’s admissions to him. To these facts, the officer would be permitted to testify at the trial,, since such evidence would be competent for him to give as a witness.
The motion to dismiss is denied.