**Johnnie Lee GOSS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 235.**

Supreme Court of Alaska.

March 18, 1964.

Joseph P. Josephson, Anchorage, for appellant.

Robert C. Erwin, Dist. Atty., and Leroy J. Barker, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant was convicted of petty larceny. On this appeal he contends that the court below erred (1) in denying his motion to dismiss for want of a speedy trial, and (2) in permitting the introduction of evidence which appellant claims was obtained by an illegal search and seizure.

*Speedy Trial*

Appellant's trial did not take place until nearly fourteen months after he was indicted. He contends that his constitutional right to a speedy trial[1] was violated and, therefore, that the court ought to have granted his motion to dismiss the indictment under Criminal Rule 43(b).[2]

---

1. Alaska Const. art. I, § 11 provides in part: "In all criminal prosecutions, the accused shall have the right to a speedy and public trial * * *."

2. Crim.R. 43(b) provides: "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the superior court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

In guaranteeing to an accused the right to a speedy trial, the Alaska Constitutional Convention adopted essentially the identical language of the Sixth Amendment to the United States Constitution.[3] Interpretation of the Sixth Amendment by the federal courts has resulted in the settled doctrine that the right to a speedy trial is the accused's personal right which may be waived by his failure to assert it.[4] We construe art. I, § 11 in the same manner as the federal decisions construe the Sixth Amendment, and hold under the facts of this case that appellant waived his right to a speedy trial by failure to demand it.

Failure to demand a speedy trial may not amount to a waiver in every case. Exceptions to the rule are indicated by instances where an accused is in a position where he is unable to assert his right[5], or where because of ignorance he does not assert it.[6] But circumstances which would call for making an exception have not been shown to be present in this case.

On January 19, 1961 appellant was present in the superior court at Anchorage with his court-appointed counsel representing him. He waived reading of the indictment and was given a copy, and then entered a plea of not guilty to the charge of larceny. Being unable to post $3,000 bail, he was placed in the Anchorage jail where he remained until the trial.

In November 1961, appellant wrote a letter to the presiding judge of the superior court requesting that counsel be appointed to represent him. Appellant stated that he had a couple of witnesses to be brought in and didn't know how to go about getting them without an attorney's advice. He expressed no concern over the fact that nine months had passed since the indictment and that he had not yet gone to trial. The presiding judge acted promptly in response to appellant's request. Four days after the letter was written, in a proceeding in open court where appellant was present, new counsel was appointed to represent appellant.[7]

Approximately two months later, on January 28, 1962, appellant again wrote to the presiding judge stating that he had been in jail for about thirteen months, that during this time his court-appointed attorneys had done nothing to get the case to trial, and that he wanted the charges against him dismissed for lack of prosecution. About three weeks later, on February 19, 1962, appellant filed a formal motion to dismiss the indictment. On that day a hearing was held in court where appellant was present in person and also represented by court-appointed counsel. The motion to dismiss was denied. Two weeks later, on March 5, 1962, counsel for appellant filed another motion to dismiss on the ground of unnecessary delay in bringing appellant to trial. This motion was also denied, and appellant's trial commenced two days later, on March 7, 1962.

The foregoing facts in no way suggest that appellant because of imprisonment, ignorance, or lack of legal assistance was not in a position to claim his constitutional right to a speedy trial.[8] We conclude that he waived the right by failing to assert it promptly. The court did not err in denying appellant's motion to dismiss the indictment.

---

3. Knudsen v. City of Anchorage. 358 P.2d 375, 377–379 (Alaska 1960). The Sixth Amendment to the United States Constitution provides in pertinent part that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

4. United States v. Lustman, 258 F.2d 475, 478 (2d Cir.) cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958), Annot., 57 A.L.R.2d 302, 326 (1958).

5. United States v. Chase, 135 F.Supp. 230 (N.D.Ill.1955).

6. Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259 (D.C.Cir. 1956).

7. The record does not show what happened to the attorney originally appointed to represent appellant at the time the indictment was returned.

8. See United States v. Lustman, supra note 4, 258 F.2d at 478.

*Search and Seizure*

A state police officer testified that during the early morning hours of December 6, 1960 he was on patrol on Northern Lights Boulevard near Anchorage. At about 12:45 a. m. he observed a car drive away from the side of a building where the business of World Wide Distributors was located, and proceed west on the Boulevard for about one-half block without its headlights on. The officer followed the car, and after it had turned around and headed in the opposite direction, stopped it. He said that he stopped the car because of the suspicious circumstances of its being driven away from the side of the building, rather than from the parking lot in front, and because the headlights were off.

When the car stopped the driver got out and walked back toward the patrol car, the officer meeting him half way. The officer then looked through the window of the car. He observed appellant sitting in the front seat, another man sitting in the rear seat, and a number of folded shirts which looked like new merchandise. He asked the passengers to step out of the car and at that time observed on the floor of the rear of the car another pile of clothing with an automatic pistol on top of it. He then searched all three men and the car.

About this time another state trooper and a city policeman arrived on the scene and the three officers then took the appellant and his two companions to the World Wide Distributors where it was observed that the building had been burglarized. At that time the officer who had stopped the car placed the men under arrest. He then proceeded to investigate the building. Investigation showed that the building had been burglarized, and that the clothing found in the car had come from the building. Appellant objected to the introduction of the articles of clothing into evidence on the ground that they were the result of an unlawful search and seizure. His objection was overruled.

The officer's search of the vehicle would be unlawful and the evidence seized in the search, inadmissible if the search was unreasonable under the Fourth Amendment to the United States Constitution and art. I, § 14 of the state constitution.[9] The search would be unreasonable because made without a warrant, unless the facts were such as to bring this case within an exception to the rule that a search must rest upon a search warrant.[10] The exception that we are concerned with here is that which recognizes the validity of a search made without a warrant where the search is made incident to a lawful arrest.[11] Since the arrest in this case was also made without a warrant, its lawfulness depends on whether it was based on probable cause, which exists if the facts and circumstances known to the officer would warrant a prudent man in believing that an offense had been or was being committed.[12]

Appellant argues that the search was not incident to a lawful arrest, and was therefore unlawful, because no arrest was made until after the search was completed and the officer had taken the three men to the World Wide Distributors building and discovered it had been broken into. There was no search until after the officer saw from outside the car the pile of clothing and the automatic pistol in the rear of the vehicle. At that point the officer had probable cause to make an arrest without a warrant. The presence of the pistol and articles of clothing that looked like new merchandise, together with the circumstances of the car having been at the World Wide Distributors building shortly after midnight and having been driven away without headlights on, would be enough to warrant a prudent man in believing that

9. Ellison v. State, Opinion No. 145, 383 P.2d 716 (Alaska 1963).

10. Rios v. United States, 364 U.S. 253, 261. 80 S.Ct. 1431, 4 L.Ed.2d 1688, 1693 (1960).

11. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, 739 (1963).

12. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134, 138 (1959) ; Ker v. California, supra note 11.

a felony had been committed.[13] The existence of probable cause to make an arrest without a warrant justified the officer in conducting an immediate search without a warrant. The search was incident to a lawful arrest although it preceded the arrest.[14]

The case of Henry v. United States [15], relied upon by appellant, is distinguishable. There it was found that the arrest took place at the time when federal agents stopped the car and before they had observed contraband which they later discovered after a search of the car. The United States Supreme Court held that at the time the car was stopped and the arrest made there was no probable cause to believe a crime had been committed, and that the arrest was not justified by what the subsequent search disclosed.[16] Here, unlike the situation in Henry, the arrest was not made when the officer stopped the car. An arrest does not take place under Alaska law until a person has been taken into custody in order that he may be held to answer for the commission of a crime.[17] Neither the

appellant nor his companions were taken into custody until after the pistol and clothing, which gave rise to probable cause to make an arrest, had been seen. When the officer stopped the car he was doing nothing more than conducting an investigation in response to circumstances that aroused his suspicions. Considering the lateness of the hour, the fact that the car was seen coming from the side of the building rather than from the parking lot in front, and that it was being driven without its headlights on, we believe the police officer had the right and the duty to make a prompt investigation, which required him as a matter of practical necessity to stop the car and question the occupants. This activity on the part of the police officer in the circumstances of this case was permissible and did not amount to an arrest.[18]

We conclude that the articles of clothing found in the car were not obtained through an unlawful search, and therefore were properly admitted into evidence.

The judgment is affirmed.

13. See Busby v. United States, 296 F.2d 328, 331 (9th Cir. 1961), cert. denied, 369 U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962). (Officer seeing shotgun in back of car—probable cause to make arrest).

14. Busby v. United States, supra note 13, 296 F.2d at 332; Husty v. United States, 282 U.S. 694, 700, 51 S.Ct. 240, 75 L.Ed. 629, 632 (1931).

15. 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

16. Id., 361 U.S. at 103–104, 80 S.Ct. 171–172, 4 L.Ed.2d at 139. See also Rios v. United States, 364 U.S. 253, 261–262, 80 S.Ct. 1688, 4 L.Ed.2d 1688, 1694 (1960).

17. AS 12.25.160 defines arrest as follows: "Arrest is the taking of a person into custody in order that he may be held to answer for the commission of a crime."

18. Busby v. United States, 296 F.2d 328, 331–332 (9th Cir. 1961), cert. denied, 369 U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962); United States v. Bonanno, 180 F.Supp. 71, 77–81 (S.D.N.Y.1960).