**David Ronald DRAHOSH, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 849.**

Supreme Court of Alaska.

June 10, 1968.

which he was tried. Rule 1(a) of our District Court Rules of Criminal Procedure, where relevant, provides:

When a complaint is made by any person *other than a peace officer,* no judgment of conviction may be given except upon a plea of guilty unless the person making the complaint, or the person injured by the offense charged, appear at the trial as a witness. (Emphasis added.)

In this appeal appellant argues that:

A criminal complaint must be made by one who has first hand knowledge and observation as to the facts stated therein because the complainant's status in a criminal prosecution is merely that of a witness. * * * Therefore, the complaint made by one James Mortimer, who has no positive knowledge as to the facts stated therein, is fatally defective by reason of the fact that he is not competent to testify to the facts.

Warren A. Taylor, Fairbanks, for appellant.

Jay Hodges, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

Appellant, David R. Drahosh, was found guilty of negligent driving and of an offense which was denominated as failure to remain at the scene of an accident. Appellant appealed and the superior court affirmed the judgment of the district court.[1]

Appellant assigns as his first specification of error the invalidity of the complaint upon

The italicized language in our quotation from District Court Criminal Rule 1(a) includes within its purview only those complaints made by persons *other than* peace officers. Here the complaint was signed by James Mortimer, a Fairbanks policeman.[2] This rule of procedure, by virtue of its express exclusion of peace oficers, indicates that a proper complaint can be made by such officers even though they may not subsequently testify at the trial.[3]

Where a complaint provides the basis for issuance of a warrant for the arrest of a defendant, it is required that the complaint disclose probable cause that the accused committed the crime alleged.[4]

---

1. At the first trial of appellant for the same charges, the trial transcript had been garbled, making impossible effective appellate review of the proceedings. Consequently, on the first appeal the superior court remanded the cause to the district court for a new trial.

2. The complaint purports to be based upon "the personal knowledge of the complaining witness," Virgil W. McConnell, the police officer who arrested appellant and who testified at his trial, as well as upon the statement of Kenneth Klosowski, a passenger in appellant Drahosh's automobile.

3. Policemen are generally held to be "peace officers." People v. Perry, 79 Cal.App.2d Supp. 906, 180 P.2d 465, 467 (1947); Springer v. State, 121 Ga. 155, 48 S.E. 907, 908 (1904).

4. Crim.R. 4(a) (1) states:
   *Warrant.* If it appears from the complaint that there is probable cause

In such a situation, the complaint is the means by which the court acquires jurisdiction over the person named therein. Warrants for arrest, and warrants for search and seizure, may not be issued unless upon probable cause.[5] However, a valid arrest without a warrant may be effected where the arresting officer acted upon probable cause, or, in the case of a misdemeanor, was present at the commission of the offense.[6] Officer McConnell testified that he was present on the scene moments after appellant's car struck the utility pole and personally witnessed appellant's departure from the vehicle in which Klosowski, his injured passenger, yet remained.

In light of the foregoing, appellee argues that:

[W]here the defendant is already in custody, the court has jurisdiction and it is not necessary to determine that probable cause exists for his arrest to issue a warrant or summons since the determination of probable cause has been made by the officer witnessing the commission of the offense.

We are in accord with the position of the state. In this appeal appellant has not challenged the validity of his arrest. When a valid arrest is made without a warrant, the complaint serves only the function of a pleading.[7] In such cases probable cause need not be shown on the complaint's face, but only the essential elements of the offense charged, so as to enable the defendant to adequately prepare his defense and to safeguard him against the possibility of being tried twice for the same acts or omissions. We hold the complaint was sufficient under the circumstances appearing in this record.

Consideration of appellant's second specification of error necessitates a brief review of the testimony at trial. Officer McConnell testified that at approximately 1:30 a. m. on April 18, 1965, he observed a car driving north on Illinois Street in Fairbanks, travelling at what he thought to be a "very high rate of speed." He consequently activated the flashing red light on his vehicle and followed the car to Minnie Street where he observed it make a right turn and then go into a "centrifical skid" colliding with a utility pole just west of Clara Street. When he overtook the car it was "partially lodged" on the utility pole. Upon McConnell's arrival, the driver dislodged his car and drove north on Clara Street to the rear of a residence located at 212 Minnie Street, where the driver parked. The driver then left his car and ran to the side of the building, disappearing from the officer's vision. The passenger in the car, subsequently identified as Kenneth Klosowski, appellant's roommate,[8] attempted to leave the vehicle. Officer McConnell testified that he assisted Klosowski in getting out of the car because he was "covered with blood" which

to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it.

5. U.S.Const. Amend. IV; Alaska Const., art. 1, § 14; Giordenello v. United States, 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed. 2d 1503, 1509 (1958).

6. AS 12.25.030 provides:
   *Grounds for arrest by private person or peace officer without warrant.* A private person or a peace officer without a warrant may arrest a person
   (1) for a crime committed or attempted in his presence;
   (2) when the person has committed a felony, although not in his presence;

(3) when a felony has in fact been committed, and he has reasonable cause for believing the person to have committed it.
   See Merrill v. State, 423 P.2d 686, 698–699 (Alaska), cert. denied, 386 U.S. 1040, 87 S.Ct. 1497, 18 L.Ed.2d 607 (1967); Goss v. State, 390 P.2d 220, 223 (Alaska), cert. denied, 379 U.S. 859, 85 S.Ct. 118, 13 L.Ed.2d 62 (1964).

7. State v. Smith, 417 P.2d 252, 253 (Alaska 1966); People v. McGuire, 5 N.Y.2d 523, 186 N.Y.S.2d 250, 252, 158 N.E.2d 830, 832 (1959). See also People v. Sorg. 3 Misc.2d 437, 149 N.Y.S.2d 387, 389–90 (Rochester City Ct. 1959).

8. Klosowski did not testify at appellant's trial.

appeared to be coming "from the top of his head." The officer then called an ambulance for Klosowski; upon returning to where appellant's car was parked, he found appellant Drahosh "squatting down facing his vehicle."[9] Officer McConnell then placed appellant under arrest for reckless driving.

Appellant testified that at the time of the accident he and his passenger, Klosowski, both resided at 212 Minnie Street, and that the place where he left his car was the location he customarily parked it. He said that he left the car and ran into the house "to answer an urgent call of nature," intending to return to the vehicle as soon as possible, being absent four or five minutes, at most. Appellant further testified that before running into his house he inquired of Klosowski to determine whether the latter had been injured by the collision with the utility pole; Klosowski replied to the effect that "there was nothing wrong at all." Appellant said that he could see "one little cut" but that Klosowski did not appear to be bleeding. When questioned as to whether he believed that Klosowski would require medical attention, appellant answered: "No. In fact he went to the hospital, he was there a short time and he came right back. He worked the next day."

Appellant asserts as his second specification of error that the verdict reached by the jury finding him guilty of violating AS 28.35.060 was "illegal and improper." In order to consider this allegation, it is necessary to examine the pertinent statutory sections. Both AS 28.35.050 and AS 28.35.060 define the duties of drivers of motor vehicles "involved in an accident." AS 28.35.050(a) reads as follows:

*Action of operator immediately after accident.* (a) An operator of a vehicle involved in an accident resulting in injury to or death of a person shall immediately stop the vehicle at the scene of the accident or as close to it as possible and return to, and *remain at, the scene until he has fulfilled the requirements of § 60 of this chapter.*[10] (Emphasis added.)

AS 28.35.060(a) states in part:

*Duty of operator to give information and render assistance.* (a) The operator of a vehicle involved in an accident resulting in injury to or death of a person * * * shall give his name, address, and vehicle license number to the person struck or injured * * * and shall render to any person injured reasonable assistance, including making of arrangements for attendance upon the person by a physician and transportation, in a manner which will not cause further injury, to a hospital for medical treatment if it is apparent that treatment is desirable.

Subsection (b) of section 60 provides that "fail[ure] to comply with any of the requirements of this section is * * * punishable by imprisonment for not less than 30 days nor more than one year, or by a fine of not less than $100 nor more than $500, or by both."

It is apparent from a reading of AS 28.35.050(a) and AS 28.35.060(a) that to-

---

9. The state attempted to characterize appellant's conduct as hiding from the arresting officer; while appellant claimed he was merely examining his car to determine the extent of any possible damage to the vehicle's frame.

10. This language is followed by (b) and (c) which prescribe respectively the actions of operators of vehicles "involved in an accident" causing damage to attended and unattended vehicles only. Violations of AS 28.35.050(a) are punishable under AS 28.35.230 which provides as follows:

*Penalty for violations of law or rules and regulations.* A person who violates §§ 30—110, 130—260 of this chapter, or AS 28.05.010—28.05.040, or 28.05.060 or the rules and regulations adopted under those sections is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than $200, or by imprisonment for not more than 90 days, or by both. In addition the privilege to drive may be suspended or revoked.

gether they constitute an interlocking statutory scheme proscribing conduct commonly known as "hit and run" driving. The duty to stop and remain at the scene of the accident is set forth in AS 28.35.050(a). The declared and obvious purpose of the stopping requirement is to insure compliance with the mandates of AS 28.35.060(a). The two duties enjoined upon the motorist by this latter section are to identify himself to the injured person and to render to that person all "reasonable assistance" under the circumstances.

■ Count II of the complaint against appellant bears the heading, immediately under the docket number, "AS 28.35.060 (Leaving Scene of Accident)." In the body of the complaint it is charged that appellant

did unlawfully, as the operator of a vehicle * * * involved in an accident with a Utility Pole, which resulted in injury to KENNETH KLOSOWSKI * * * a passenger in the above vehicle, failed to remain at the scene of this Accident and further failed to render to KENNETH KLOSOWSKI, an injured person, reasonable assistance.

This language was brought to the attention of the jury by the district judge, who read it aloud verbatim at the conclusion of the evidence. We note that

Count II, as set forth above and read aloud to the jury, is duplicitous in that it charges two separate offenses in a single count, thus violating the mandate of Criminal Rule 8(a) that there be "a separate count for each offense." [11]

The rationale of this rule against duplicity has been explained by one authority as follows:

It protects a defendant's right under the Sixth Amendment and Rule 7(c) to notice of the 'nature and cause of the accusation' against him so that he may prepare his defense. It also insures that if defendant is convicted, the offense upon which he is convicted will clearly appear from the verdict, so that appropriate punishment may be imposed. Finally, duplicity is prohibited because confusion as to the basis of the verdict may subject defendant to double jeopardy in the event of a subsequent prosecution.[12]

Count II of the complaint was thus properly subject to a motion under Criminal Rules 12(b)(2) [13] or 14,[14] though no such motions were made.

■ Normally, in the absence of a showing that a defendant's substantial rights were prejudiced thereby, an otherwise proper judgment of conviction will not be disturbed because of a duplicitous count in

11. Crim.R. 8(a) provides:
   *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

12. 8 R. Cipes, Moore's Federal Practice § 8.03 [1] (2d ed. 1968) (footnotes omitted).

13. Crim.R. 12(b) (2) provides:
   *Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the

court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objections constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

14. Crim.R. 14 provides:
   If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

the indictment or complaint.[15] However, it does not appear from the record and transcript before us that the district court made clear to the jury the nature of the two separate crimes which were charged in Count II of the complaint, namely, failure to remain at the scene of an accident (AS 28.35.050(a)) and failure to render reasonable assistance to his passenger (AS 28.35.-060(a)). The likelihood of the jury's being confused as to the fact that Count II charged two separate crimes was heightened by the language which appeared on the mimeographed verdict blank which was submitted to the panel before it retired for its deliberations. Here the crime with which appellant was charged is designated simply as "Leaving Scene of an Accident (AS 28.35.060)." Thus, the defect of duplicity which appeared in the complaint was not cured, but compounded, by the failure of the trial court properly to "define the nature of the offense charged" as mandated by Rule 1(c) of the District Court Criminal Rules,[16] and by the form of verdict which was furnished to the jury. The language of Count II of the complaint and of the form of verdict were, in our opinion, inherently misleading because leaving the scene of an accident is a separate and distinct offense from the crime of failure to render assistance. In such circumstances the jury's verdict may have been premised upon improper considerations. For, as appellant points out in his brief, it is impossible to ascertain how the jury reached its verdict.[17] Some jurors might have believed that appellant Drahosh failed to render reasonable assistance, others might have concluded only that he failed to remain at the scene, yet there remains the possibility that there was no unanimity as to either, or both, of these separate offenses.

People v. Scofield [18] involved a prosecution under a California "hit and run" statute similar to the ones under which appellant was here convicted.[19] There the trial court, in instructing the jury, referred only to Count II of the information which set forth the statutory language verbatim. Under the California statute, remaining at the scene, furnishing identification, and rendering assistance are included within a single section. The California court held as follows:

Here no instruction was requested by the defendant and it is necessary to determine whether the subject-matter involved in the omission of the court to instruct related to general principles of law applicable to the cause on trial or related to a specific point developed at the trial.

It is conceded by the prosecution that a defendant may be convicted under said section 141 of a failure to do any one of several things required of him in the event of a collision * * *. A failure to perform any one of the required acts is a separate offense. Evidence sufficient to support one charge might be entirely unrelated to and insufficient to support another. The jury might not

---

15. See Sparks v. United States, 90 F.2d 61, 63 (6th Cir. 1937); cf. Reno v. United States, 317 F.2d 499, 502 (5th Cir.), cert. denied, 375 U.S. 828, 84 S.Ct. 72, 11 L.Ed.2d 60 (1963).

16. Dist.Ct.Crim.R. 1(c) reads in relevant part as follows:
The trial shall be conducted as are trials in criminal cases in the superior court, except that the court shall not instruct the jury other than to define the nature of the offense charged and the statute or regulation upon which the complaint is based.

17. The record reflects no objection made by appellant to the manner in which the district court explained the charges to the jury or to the form of the verdict blanks.
We, nevertheless, consider these issues on our own motion under authority of Crim.R. 47(b) which provides that, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

18. 203 Cal. 703, 265 P. 914 (1928).

19. The California statute is set out in full at 265 P. 915.

all agree on any one of the offenses, but might all agree that there had been a violation of some portions of the section. We think the situation here presented called for an instruction from the court on the point contended for by the defendant even though no such instruction was requested.[20]

We believe *Scofield* is applicable here and hold that it was error on the trial court's part not to have properly defined the nature of the two separate offenses which were charged under Count II of the complaint. It was further error on the trial court's part not to have distinguished between the two separate statutes upon which Count II of the complaint was grounded.

Reversed and remanded to the superior court with directions to remand to the district court for a new trial upon Count II.

NESBETT, Chief Justice (dissenting).

I dissent from the majority's holding that a new trial must be had on the charge that appellant

\* \* \* failed to remain at the scene of this Accident *and* further failed to render to Kenneth Klosowski, an injured person, reasonable assistance. (emphasis furnished)

The majority believes that appellant's case may have suffered prejudice because the jury may have been confused by the above wording of the complaint which conjunctively stated two offenses in one count.

In my opinion appellant, if anything, received an advantage from the wording of the complaint and the state labored under a disadvantage. Technically, because of the conjunctive statement of the offenses, the state was required to prove both segments of the charge beyond a reasonable doubt in order to obtain a verdict of guilty on Count II. Actually, as will be pointed out later, it is not likely that the jury even remembered the wording of the complaint when they retired to deliberate.

It seems entirely unlikely that the jury was confused in any event. The state's evidence that appellant ran away from the scene of the crash and left his injured and bleeding passenger in the damaged automobile was uncontradicted. Appellant's explanations went to the heart of both charges and were that he left the scene because he had to answer an urgent call of nature and that he did not believe his passenger was injured. It is obvious from its verdict that the jury disbelieved appellant's explanations, or did not consider them a sufficient justification, or it would have found him not guilty. Under these circumstances there was no reason for the jury to be confused and it had no alternative but to consider and apply the uncontradicted testimony of the state's witnesses. Its verdicts seems to me to be a clear indication that this is exactly what it did.

As the majority points out, the general rule is that in the absence of a showing that a substantial right was prejudiced, a judgment of conviction will not be disturbed because of a duplicitous count in a complaint or indictment. Yet, even though appellant, who was represented by able counsel, made no objection to the form of the complaint at any time during either of the two trials had below, has not designated duplicity as a point on appeal and has shown no prejudice in his brief, the majority has presumed prejudice on a state of facts which will not support such a presumption.

The majority fears that the "jury's verdict may have been premised upon improper considerations" in that "Some jurors might have believed that appellant Drahosh failed to render reasonable assistance, others might have concluded only that he failed to remain at the scene, yet there remains the possibility that there was no unanimity as to either \* \* \*"

In my opinion these fears and doubts are not realistic. The uncontradicted evidence is that appellant not only did not

render "reasonable assistance", but that he left the scene without rendering any assistance whatever. His justification was that he did not think his passenger was injured. Nor is there any basis for the fear that "others might have concluded only that he failed to remain at the scene". All of the testimony, including appellant's, was that he did not remain at the scene. The final doubt that "there remains the possibility that there was no unanimity as to either" has no sound basis in the facts. There is no reason to presume this. There is every reason to presume that the jurors acted logically and applied the uncontradicted evidence of the passenger's injury, and appellant's hasty departure from the scene, to both charges if, in fact, they even remembered that there were conjunctively worded charges in Count II.

Actually, the trial judge did not give the complaint to the jury, so they were never confronted in writing with the conjunctively worded charges. In addition, the form verdict given to them when they retired to deliberate did not conjunctively state two charges. It stated the charge as "Leaving scene of an accident". The returned verdict read:

> We, the Jury, duly empaneled and sworn to try in the above-entitled cause, do find the defendant guilty as charged of the crime of Ct II *Leaving scene of an accident.* (Emphasis furnished.)

In the judgment and sentence, Count II was only entitled "Leaving scene of an accident". The foregoing facts are realistic additional reasons for not presuming prejudice and for considering the conjunctively worded complaint as harmless error.

The majority cites and relies on People v. Scofield.[1] This case is not authority for the majority's position in my opinion. In its opinion the court clearly states that if charges are conjunctively stated, "the evidence in such case must be sufficient to support a conviction on each and every of the separate offenses so conjunctively

charged". In the case before us the uncontradicted evidence was sufficient to support a conviction on both charges, aside from the question of whether the jury even remembered that the complaint was conjunctively worded.

In my opinion it is a waste of state funds to order a third trial on a charge that has already gone before a jury twice with verdicts of guilty returned in each case.

---

1.   203 Cal. 703, 265 P. 914 (1928).