Daniel Earl LARSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 2882.

Supreme Court of Alaska.

Sept. 30, 1977.

John M. Murtagh, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., RABINOW-
ITZ, CONNOR and BURKE, JJ., and DI-
MOND, J. Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

After an affray which took place at a service station in Anchorage, the appellant, Daniel Larson, and his brother Ronnie, were each convicted of the crime of assault with a dangerous weapon. We affirmed Ronnie Larson's conviction in *Larson v. State*, 566 P.2d 1019 (Alaska 1977).[1] We are now considering Daniel Larson's appeal.

At the time of the prosecution of Larson, the act of assault with a dangerous weapon was made criminal by AS 11.15.220 which provides:

> A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year nor less than one month, or by a fine of not more than $1,000 nor less than $100.[2]

Larson attacks this statute as being unconstitutional. He contends that because three separate alternative punishments are available under the statute, the status of the offense, as being either a felony or a misdemeanor, depends upon which punishment is imposed by the court after conviction. The result of this, Larson argues, is that the statute violates the constitutional guarantee of equal protection of the laws by conferring upon the court the power to arbitrarily decide, by the punishment it impos-

es, whether one convicted of assault with a dangerous weapon has committed a misdemeanor or a felony. This is so, Larson argues, because of AS 11.75.030 which provides:

> Crimes are divided into felonies and misdemeanors. A felony is a crime which is or may be punishable by imprisonment for a period exceeding one year. Every other crime is a misdemeanor.

■ Thus, Larson contends, if the judge under AS 11.15.220 imposes a fine or a prison sentence for less than one year, one stands convicted only of a misdemeanor. On the other hand, if a sentence of imprisonment is imposed for a period exceeding one year, as was done in Larson's case,[3] the person stands convicted of a felony. Larson argues that this amounts to an invidious discrimination, because there is far more opprobrium and loss attached to a felony conviction than are attendant upon conviction of a misdemeanor.

The answer to Larson's argument is found in the explicit language of AS 11.75.-030 which states that "a felony is a crime which *is or may be* punishable by imprisonment for a period exceeding one year." (Emphasis added) Under AS 11.15.220, it is clearly provided that one convicted of assault with a dangerous weapon may be punished by imprisonment for a period exceeding one year, despite the fact that there also may be imposed a lesser punishment. Thus, the fact that there may be imprisonment for a period exceeding one year makes the crime a felony under AS 11.75.030, regardless of the actual punishment imposed.[4]

---

1. A complete account of the incidents which gave rise to the convictions of the Larson brothers is contained in our recent opinion in the Ronnie Larson appeal.

2. AS 11.15.220 was amended in 1976, and now reads:

 Assault with dangerous weapon. A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both.

3. Daniel Larson was sentenced to imprisonment for four years, with two and one-half years suspended.

4. *See* Annot., 95 A.L.R. 1115 (1935), where it is stated:

 I. Majority Rule.
 A felony is defined in the various statutes as any offense 'punishable,' 'which may be punished,' or 'which is liable to be punished,' by death or confinement in the state prison or penitentiary. When the court or the jury is given the discretion of fixing the punishment for an offense at imprisonment in the penitentiary, or fine, or jail sentence, such an

There is no constitutional impediment to the legislature allowing a court to impose lesser punishments for felonies than a prison term exceeding one year.

Following the initial affray at the service station, the Larson brothers drove away in a car. Several minutes later one of the station attendants, William Barnes, saw the Larsons driving by on Fifth Avenue. Daniel Larson was driving and Barnes testified that he was pointing a pistol out of the window. However, no shot was fired at that time. Shortly thereafter, the Larson car passed by a second time, and then Daniel Larson fired a shot at the station, with the bullet hitting a water bucket between Barnes and another station attendant, Doris Darnell. The car then accelerated and left the area. Shortly after that the Larson brothers were apprehended by the police.

The Grand Jury indictment as to Daniel Larson states:

> That on or about the 8th day of June, 1975, at or near Anchorage, in the Third Judicial District, State of Alaska, Daniel Earl Larson, being then and there armed with a dangerous weapon, to-wit: a pistol, did unlawfully and feloniously assault one Doris Debrix Darnell and William Franklin Barnes *by firing a shot toward Doris Debrix Darnell and William Franklin Barnes* with said pistol. [Emphasis added.]

However, when the indictment was read to the jury as Jury Instruction No. 5, the emphasized portion was deleted by the judge. Thus, the specificity found in the indictment regarding firing a shot with a pistol was not presented to the jury.

In the indictment and in Instruction No. 5, the court used the conjunctive "and" in referring to the assault on William Barnes *and* Doris Darnell. But in instructions 9 and 10, the court used the disjunctive "or" in referring to the assault upon *either* William Barnes *or* Doris Darnell. Larson contends that the result of the court's action was to violate his substantial rights to a guarantee of jury unanimity.[5] He argues that "it may have been that 'x' number of jurors felt that Doris Darnell was assaulted, but William Barnes was not; and that 'twelve minus x' jurors felt that William Barnes was assaulted but Doris Darnell was not."

To bolster his argument, Larson relies principally on our decision in *Drahosh v. State,* 442 P.2d 44 (Alaska 1968). In that case, which involved a motor vehicle accident, the accused was charged in a single count in a complaint of two offenses—(1) failure to remain at the scene of an accident, and (2) failure to render reasonable assistance to a person injured in the accident. We held that the complaint was duplicitous in charging two separate offenses in a single count,[6] and that this violated the mandate of Criminal Rule 8(a) that there be a "separate count for each offense."[7] We explained the rationale of the Rule against

---

offense, in a majority of jurisdictions where the question has been considered is held to be a felony regardless of the penalty actually imposed.

5. Larson states in his brief that he objected to instructions 9 and 10, and proposed the following instruction which he says was rejected by the trial court:

> The defendant, Daniel Larson is charged with the offense of Assault with a Dangerous Weapon upon the persons of Doris Debrix Darnell and William Franklin Barnes. This charge is made in the conjunctive and in order find the defendant guilty of the crime, you must all agree that the defendant assaulted both victims with a dangerous weapon. If you find that the defendant, Daniel Larson assaulted only one of the victims, then you must find the defendant not guilty of the crime as set forth in the indictment.

However, Larson does not refer to the page or pages of the record on appeal where his objections were made or where his proposed instruction was offered and rejected. This was required by Appellate Rule 11(b)(1)[g] and 11(b)(8).

6. *Drahosh v. State,* 442 P.2d 44, 48 (Alaska 1968).

7. Crim.R. 8(a) provides:

> Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

duplicity by quoting from Professor Moore's treatise on federal practice as follows:

> It protects a defendant's right under the Sixth Amendment and Rule 7(c) to notice of the 'nature and cause of the accusation' against him so that he may prepare his defense. It also insures that if defendant is convicted, the offense upon which he is convicted will clearly appear from the verdict, so that appropriate punishment may be imposed. Finally, duplicity is prohibited because confusion as to the basis of the verdict may subject defendant to double jeopardy in the event of a subsequent prosecution. [Citation omitted.] [8]

*Drahosh* is inapposite to the situation involving Larson. In *Drahosh* there were two separate offenses charged in one count, whereas here there was only one offense charged in one count of the indictment, i. e., one assault with a dangerous weapon. It is true that the jury was told that the assault was directed at either or both of two people, in light of the conjunctive used in the indictment and in instruction No. 5, and the use of the disjunctive in other instructions. But that in no way operates to prejudice any of Larson's substantial rights.

 None of the principles which give rise to the rule which bars duplicity as stated in *Drahosh* and *Trounce* have been violated in this case. There could have been no lack of unanimity among the jury, because it is immaterial whether the assault was directed against Darnell or Barnes, or both of them. AS 11.15.220 provides in part that "A person armed with a dangerous weapon, who assaults *another* with the weapon, is punishable . . . " (Emphasis added) The identification of the victim or victims is relevant to demonstrate that the assault took place upon another, and to give notice to the defendant of the particular offense charged. In this case, Larson knew full well from the indictment, from the evidence, and from the court's instructions that the charge against him was based on his shooting a pistol when driving by the service station with the bullet hitting in the immediate vicinity and between Barnes and Darnell. Larson was not denied his right under the Sixth Amendment or Criminal Rule 7(c) to notice of the "nature and cause of the accusation" against him.

The second rationale of the rule which bars duplicity is to "insure[s] that if defendant is convicted, the offense upon which he is convicted will clearly appear from the verdict, so that appropriate punishment may be imposed." *Trounce v. State*, 498 P.2d 106, 111 n. 11 (Alaska 1972). Here the offense upon which the jury convicted Larson clearly appears from the verdict, i. e., "the crime of assault with a dangerous weapon as charged in the indictment." There would be no problem in fashioning appropriate punishment for that offense.

Finally, there should be no confusion as to the basis of the verdict so as to subject Larson to double jeopardy in the event of a subsequent prosecution. The possibility that the victims of Larson's assault with a dangerous weapon may have been both Barnes and Darnell, or either of them, does not change the fact that one shot was fired between those persons—that Larson was charged and convicted of only one assault. The principle of double jeopardy would bar a subsequent prosecution and, for that matter, would bar multiple punishments for this one offense. *Thessen v. State*, 508 P.2d 1192 (Alaska 1973); *Whitton v. State*, 479 P.2d 302, 314 (Alaska 1970). Cf. *Davenport v. State*, 543 P.2d 1204, 1208–09 (Alaska 1975). And *see Guffey v. United States*, 310 F.2d 753, 754 (10th Cir. 1962).

Barnes testified that before the shooting incident, Larson had driven by the station and had pointed the gun out of the window, but did not fire it. In his argument to the jury, the district attorney stated at one point:

> He didn't just yell out or he didn't let it go with the one pass down the street of pointing the gun. That would have been

---

8. *Drahosh v. State*, 442 P.2d 44, 49 (Alaska 1968). *See also Trounce v. State*, 498 P.2d 106, 111 n. 11 (Alaska 1972).

an assault right there, and is an assault. I mean you can find him guilty of that as—when he drove by the first time, if you believe the gun was loaded at that time beyond a reasonable doubt.

Larson contends that because the jury instructions did not limit the charge against Larson to the shooting incident, and because of what the district attorney said to the jury, there were presented to the jury two separate incidents upon which the jury could have relied in reaching their verdict of guilt to the charge of assault with a dangerous weapon, and that this in effect acted in the same way as a duplicitous count in an indictment. Apparently, the gist of Larson's argument on this point is that, as in the *Drahosh* case, *supra,* at 49, it is impossible to ascertain how the jury reached its verdict, because of the possibility that there was no unanimity as to either, or both, of the separate offenses, i. e., (1) in pointing a gun without firing it, and (2) in later firing the gun in the direction of the service station with a bullet passing between William Barnes and Doris Darnell.

At the trial, Larson did not object to the prosecution's argument as to the incident of merely pointing the gun without firing it. Nor did he object to the court's instruction No. 5 on the basis that it failed to recite that part of the indictment relating to Larson assaulting Barnes and Darnell by firing a shot toward them. In addition, Larson did not request a jury instruction to limit the charge against him to the theory of assault by firing the pistol, and not just pointing it.[9] His failure to raise these points at the trial precludes their be-

ing given consideration on appeal, unless there existed plain error.[10] In order for there to be plain error, any irregularity must have affected Larson's substantial rights and have been obviously prejudicial.[11]

We find no plain error. From reading the record, and particularly the testimony of the state's primary witness, William Barnes, whose testimony was uncontradicted, it is clear that the principal theory and substance of the state's case was the shooting incident and not the mere pointing of the pistol a few minutes prior to the shooting. That this was defense counsel's understanding is readily apparent from the following excerpt from his argument to the jury, when he admitted that Larson had shot the pistol:

> Well, I want to let you know that I'm not intending to say that he's totally innocent and should walk away without being punished. In fact, on the very outset, Daniel Larson has always admitted that in fact, he is guilty of something and he says that he should be punished, and it's going to be up to the court to punish him. But the reason why you've been called here and why you've been asked to sit through these several days of court proceedings is to determine exactly what crime it is that Daniel Larson committed. Now, the judge is going to offer 2 different crimes to you. One is the crime of assault with a dangerous weapon, and the other one is the crime of careless use of a firearm. Now, right from the outset, we've admitted—Daniel Larson's admitted that that was his gun and that he in fact fired it

---

**9.** Crim.R. 30(a) provides in relevant part:

The instructions shall be reduced to writing and read to the jury and shall be taken to the jury room by the jury. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections.

**10.** *Martin v. State,* 517 P.2d 1399, 1402 (Alaska 1974). *See* Crim.R. 47(b) which provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

**11.** *Martin v. State,* 517 P.2d 1399, 1402 (Alaska 1974).

As to objecting to the indictment or instructions of the jury on the ground of duplicity, see *Trounce v. State,* 498 P.2d 106, 110 (Alaska 1972), where we stated:

Under the parallel Rule 12(b)(2) of the Federal Rules of Criminal Procedure, it has been held that an objection to the indictment on grounds of duplicity is waived unless this objection is raised prior to trial, . . . or, at the very least, unless the objection is raised prior to the verdict . . . [citations omitted].

and that, of course, under the testimony, he is clearly guilty of careless use of a firearm. Mr. Merriner just read you what the statute is. The mere pointing of a firearm at another individual or pointing and discharging a firearm makes you guilty of a crime in this state, and we've never once denied that Daniel Larson isn't guilty of that offense. But you have a very difficult task of deciding whether Daniel Larson is also guilty of the crime of assault with a dangerous weapon. Now, it's been pointed out to you that—in the instructions and you'll be able to read them over and go over them, that it really doesn't matter what intent Daniel Larson had at the time he fired the gun.

■ In the light of this statement by defense counsel, and of the entire record of the case, we do not find that any of Larson's substantial rights were prejudiced by the assumed duplicity arising from the fact that, in addition to the evidence of the shooting, the prosecutor, without objection from Larson, spoke briefly about the pointing of a gun as also constituting an assault. As in the *Trounce* case, 498 P.2d 106, 112 (Alaska 1972), we fail to discern in the evidence any significant basis for the possibility that the jury's verdict of guilt as to the assault with a dangerous weapon lacked unanimity.

Larson's final point on appeal is that the court's instructions as to the offense of assault with a dangerous weapon did not present the law accurately, or in the alternative, were internally inconsistent and misleading and thus improper.

■ Criminal Rule 30(a) requires a party to specifically object to charges to the jury in order to subsequently assign those instructions as error on appeal. No objections to the court's instructions that are now challenged by Larson were made in the trial court. In these circumstances, we hold that Larson may not now raise his objec-

tions to the instructions on the question of assault with a dangerous weapon for the first time on appeal.[12] Furthermore, we have examined the instructions in question, and without passing on Larson's objections, we find that if there were any error in the instructions, it did not rise to the level of "plain error" which we may notice on appeal even absent an objection being made at the trial.[13]

The judgment of the Superior Court is AFFIRMED.

RABINOWITZ, Justice, dissenting in part.

Although I agree with the court's disposition of appellant's equal protection contentions, I cannot join in the court's conclusion that none "of Larson's substantial rights [was] prejudiced by the assumed duplicity arising from the fact that, in addition to the evidence of the shooting, the prosecutor, without objection from Larson, spoke briefly about the pointing of a gun as also constituting an assault." My reasons are as follows.

Despite the fact that the indictment specifically alleged that Larson had committed an assault with a dangerous weapon "by firing a shot toward Doris Debrix Darnell and William Franklin Barnes," the superior court in its instructions to the jury omitted any reference to this portion of the indictment. At one point in its instructions the court used the conjunctive "and" in referring to the assault on William Barnes and Doris Darnell. Subsequently the superior court employed the disjunctive "or" in alluding to the alleged assault with a dangerous weapon upon either William Barnes or Doris Darnell. This divergence between the instructions and the indictment made possible a non-unanimous verdict because some jurors may have concluded that each element of the assault with a dangerous weapon had been proven with respect to Darnell while others concluded that each

---

**12.** *Eliason v. State,* 511 P.2d 1066, 1072 (Alaska 1973).

**13.** See Crim.R. 47(b) which provides:

Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

element had been proven only with respect to Barnes. In short the court's instructions permitted possible confusion as to the precise conduct upon which a conviction of assault with a dangerous weapon could be based. In this regard I think it of particular significance that the prosecutor, in the course of his argument to the jury, stated in part:

> He didn't just yell out or he didn't let it go with the one pass down the street of pointing the gun. That would have been an assault right there, and is an assault. I mean you can find him guilty of that as—when he drove by the first time, if you believe the gun was loaded at that time beyond a reasonable doubt.

Furthermore, I think the previously referred to internally inconsistent use by the trial court in its instructions of the conjunctive and disjunctive increased the potential for a non-unanimous verdict in the case at bar.

Given the foregoing, I conclude that Larson's position has merit. More particularly I agree with his contention that in view of the prosecutor's argument and the fact that the superior court's charge to the jury failed to specify the shooting incident as the factual basis for the crime charged, the jury was presented with two separate incidents upon which it could have relied in determining Larson's guilt or innocence of the crime of assault with a dangerous weapon. As in *Drahosh v. State,* 442 P.2d 44, 49 (Alaska 1968), there exists the possibility of lack of unanimity on the jury's part. I would thus reverse and remand for a new trial under proper jury instructions.[1]

---

1. Implicit in the foregoing is my conclusion that despite counsel for Larson's failure to object to either of the subject instructions or the portion of the prosecutor's final argument in question here, the combination of the court's defective instructions and the prosecutor's argument constituted plain error and therefore is reviewable by this court. Further, I deem these defects in Larson's trial so egregious that Larson's substantial rights have been affected. *Love v. State,* 457 P.2d 622, 632 (Alaska 1969), Criminal Rule 47(b).