NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter.  Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| BOBBY JACK BASS, | Court of Appeals No. A-11536 |
| Appellant, | Trial Court No. 3PA-11-2791 CR |
| v. | |
| | **O P I N I O N** |
| STATE OF ALASKA, | |
| Appellee. | No. 2527 — November 18, 2016 |

Appeal from the Superior Court, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances:  Andrew Steiner, Attorney at Law, Bend, Oregon, for the Appellant.  Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

_____

[*]    Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Bobby Jack Bass was convicted of failure to render assistance to an injured person after a vehicle accident, a class C felony. On appeal, he argues that the superior court improperly instructed the jury on the elements of that crime.

We agree with Bass, and we reverse his conviction.

*Relevant legal background*

A pair of statutes, AS 28.35.050 and AS 28.35.060, define the duties of a driver who is involved in an accident where one or more people are injured or killed.[1]

Alaska Statute 28.35.050(a) declares that the driver "shall immediately stop the vehicle at the scene of the accident or as close to it as possible," and that the driver shall then "return to, and remain at, the scene until the [driver] has fulfilled the requirements of AS 28.35.060."

Subsection (a) of AS 28.35.060 defines two distinct groups of duties that the driver must fulfill. First, the driver must give his or her "name, address, and vehicle license number" to the injured person or to some other attending person. Second, the driver must "render ... reasonable assistance" to the injured person, "including making of arrangements for attendance upon the person by a physician and [for transporting the person], in a manner that will not cause further injury, to a hospital for medical treatment if it is apparent that treatment is desirable."

Although the driver must comply with both sets of duties, AS 28.35.060(b) and (c) create different penalties for a defendant's failure to perform each duty. Under AS 28.35.060(b), a driver who fails to provide identifying information is guilty of a misdemeanor and faces up to 1 year's imprisonment. Under AS 28.35.060(c), a driver

---

[1] *See also Drahosh v. State*, 442 P.2d 44, 47-48 (Alaska 1968) (referring to AS 28.35.050 and AS 28.35.060 as constituting an "interlocking statutory scheme proscribing conduct commonly known as 'hit and run' driving").

who fails to render reasonable assistance to an injured person is guilty of a felony and faces up to 10 years' imprisonment.

*Why we reverse Bass's conviction*

In the current case, Bass was indicted under the felony provision of AS 28.35.060. That is, he was charged with failing to remain at the scene until he had rendered reasonable assistance to the person who was injured in the collision.[2]

But at trial, the jury was instructed that Bass would be guilty of the charged felony if he failed to comply with *either* of the two groups of duties imposed by AS 28.35.060(a). That is, the jury was told that Bass should be found guilty of the felony if the State proved *either* that Bass failed to provide identifying information *or* that Bass failed to render reasonable assistance.

Bass objected to this jury instruction, pointing out (correctly) that the instruction permitted the jury to convict Bass of a felony for conduct that was only a misdemeanor under Alaska law. The court overruled Bass's objection and gave the erroneous jury instruction. The prosecutor subsequently exacerbated this error by expressly arguing to the jurors during his summation that Bass should be convicted of the charged felony because he failed to provide identifying information. The jury convicted Bass, and Bass now appeals.

On appeal, the State argues that the erroneous instruction was harmless because Bass never argued that he rendered reasonable assistance to the driver in the other vehicle; instead, he argued only that he was not the driver of his vehicle. (Bass claimed that his wife was driving.)

---

[2]   AS 28.35.060(a) and (c).

But as Bass points out, there was evidence presented at trial that Bass got out of his vehicle and approached the other driver to check on his welfare, and that Bass did not leave the scene until the situation appeared to be under control and other people had directly assumed responsibility for taking care of the other driver.

Bass's attorney did not argue this evidence during his closing argument, but the attorney's omission is easily explained by the fact that the trial judge had already rejected the defense attorney's objection to the erroneous jury instruction on the elements of the crime. That is, when the defense attorney delivered his summation, he already knew that the jury was going to be instructed that Bass could be convicted *either* if he failed to provide his identifying information *or* if he failed to render assistance to the other driver. There was no evidence that Bass provided his identifying information to anyone — so, under the erroneous jury instruction, it made no difference whether Bass checked on the other driver's well-being before he left the scene.

Given these circumstances, we cannot say that the erroneous jury instruction was harmless. We accordingly reverse Bass's conviction for violating AS 28.35.060(c), and we remand this case to the superior court for further proceedings consistent with this decision.

*Conclusion*

We REVERSE the judgment of the superior court.