UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles AYRES, Mary Lewis and Ben
Sidney, Defendants-Appellants.

No. 27961.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 930.

Howard Dyer, Greenville, Miss., for
Mary Lewis.

Gerald M. Werksman, Chicago, Ill., for
Ben Sidney.

Willard L. McIlwain, Greenville, Miss.,
for Charles Ayres.

H. M. Ray, U. S. Atty., J. Murray
Akers, Norman L. Gillespie, Asst. U. S.
Attys., Oxford, Miss., for plaintiff-appellee.

Before TUTTLE, BELL, and GOLD-BERG, Circuit Judges.

BELL, Circuit Judge:

This appeal is from the conviction of multiple defendants on Dyer Act charges. The defendants who are appellants here, along with two additional defendants, were charged in Count 1 of an indictment with a conspiracy to violate the Dyer Act, 18 U.S.C.A. §§ 371, 2312 and 2313, by transporting stolen cars in interstate commerce and to receive, conceal, sell and dispose of the stolen cars. All were charged separately in other counts with substantive violations of the Act. One of the five defendants was acquitted, another was acquitted on the conspiracy count but found guilty on two substantive counts and did not appeal. The appellants here were all convicted on the conspiracy count. In addition, Ayres was convicted on substantive Counts 5 and 7; Sidney on Count 9; and Mary Lewis on Counts 2 and 6. This appeal followed and we affirm.

Appellants challenge the sufficiency of the evidence to support their convictions on the conspiracy charge. Then, assuming the validity of this challenge, Lewis and Sidney urge that the court erred in denying each a severance. Ayres and Lewis also attack the sufficiency of the evidence to convict them of the substantive counts. Lastly, it is contended that the court erred in admitting evidence as to stolen vehicles not mentioned in the indictment.

The gist of the case for the government, developed through the testimony of 49 witnesses, was that thirteen vehicles were stolen, transported in interstate commerce, and sold. One of the vehicles was not connected to the defendants as charged and the appropriate count of the indictment was dismissed. Eleven of the vehicles were stolen in the Chicago area where Sidney resided and were sold in the Hollandale, Mississippi area where Ayres and Lewis resided and

from which place Sidney moved to Chicago. Sidney was in Hollandale in possession of some of the cars during the period of the alleged conspiracy. The proof was that the other vehicle was stolen in Memphis and ended up in the possession of Sidney in Chicago.

Sidney was in the business of buying junk cars in Chicago, stripping them and selling the parts. The evidence directly connected Sidney with Lewis and Lewis with Ayres. Mary Lewis was connected with six of the vehicles, Ayres with five, and Sidney with five. Sidney and Mary Lewis were connected jointly with two of the vehicles while Mary Lewis and Ayres were jointly connected with three. Seven of the twelve vehicles were sold with fictitious vehicle identification numbers and six were disposed of within five days after their theft.

The above is by no means all of the evidence from which a jury might conclude that defendants were engaged in a conspiracy as charged. What we have recited is sufficient to set out the outline of the conspiracy. Taking the evidence in the view most favorable to the government as we are required to do, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we conclude that the evidence was sufficient to support a finding by the jury of guilt beyond a reasonable doubt that a conspiracy existed and that Ayres, Lewis and Sidney had an identity of interest and a common goal in the conspiracy. We have carefully reviewed the evidence and have determined that it was likewise sufficient as to the respective substantive counts.

There is no merit in Sidney's view that the proof established several separate conspiracies rather than one overall conspiracy nor in the contention of Ayres that he was not joined to the conspiracy nor in the position of Lewis that the proof was insufficient with respect to her. On proof of knowledge that the vehicles were stolen, see United States v. Kolsky, 5 Cir., 1970, 423 F.2d 1111.

■ Next, appellants Sidney and Lewis argue that the lower court erred in denying various motions for severance. This argument challenges the original joinder of the defendants under Rule 8(b), Fed.R.Crim.P.[1] They admit, however, that if the conspiracy charge was proven, there was no statutory misjoinder under 8(b). As noted above, the conspiracy charge was amply proven. The question then becomes whether appellants were prejudiced by the joinder so as to require a severance under Rule 14, and this is a matter within the discretion of the trial judge. See James v. United States, 5 Cir., 1969, 416 F.2d 467. It is apparent that there was no more prejudice than is usually occasioned in a trial involving multiple defendants. The district court was at pains to prevent prejudice from the joint trial in carefully instructing the jury that they should consider the evidence as to each defendant and each count. The resulting jury verdict demonstrated that the jury followed this instruction, at least with regard to two of the defendants and there is nothing to indicate that it was disregarded as to the others.

■ Finally, the contention that it was error to allow the government to introduce evidence of crimes not alleged in the indictment is without merit. The government introduced evidence concerning five stolen vehicles which were not mentioned in the conspiracy count nor in any of the substantive counts. Each of the five cars was stolen, transported in interstate commerce, and disposed of within the dates alleged in the conspiracy count, and two or more of the defendants were connected with each of these cars. The rule is followed in this cir-

---

1. Rule 8(b):

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

cuit that the government is not limited to overt acts pleaded in proving a conspiracy but may show other acts of the conspirators occurring during the life of the conspiracy for the purpose of proving it. Reese v. United States, 5 Cir., 1965, 353 F.2d 732.

Affirmed.