**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dale Edmund CROWDER, Defendant-Appellant.**

**No. 71-2980.**

United States Court of Appeals, Ninth Circuit.

Aug. 22, 1972.

Rehearing Denied Sept. 27, 1972.

J. Patrick Heron (argued), San Francisco, Cal., J. Douglas McVay, Phoenix, Ariz., for defendant-appellant.

Joseph Jenckes, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Patricia Whitehead, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before BARNES, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Appellant was tried by a jury and convicted of violations of statutes with reference to interstate transportation of firearms.[1] Additionally, he was convicted of violating 18 U.S.C. § 2314 [interstate transportation of stolen goods]. All convictions grew out of the same factual background.

On appeal, appellant makes the following assignments of error: (1) that the refusal of the trial judge to bifurcate the trial on the first two counts resulted in an improper admission of prejudicial evidence; (2) that the admission of appellant's statements relating to his conduct in connection with seizing and transporting a female across state lines was prejudicial error, and (3) that the court erroneously instructed the jury on the question of intent on one of the counts.

■ (1) On the first assignment, we hold that the trial judge did not abuse his discretion. United States v. Roselli, 432 F.2d 879 (CA9 1970). Neither Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), nor Erwing v. United States, 296 F.2d 320 (CA9 1961), is in point on this record before us. Beyond that, the Judge's cautionary instructions prohibiting the use of the evidence relative to Counts I and II in connection with the other counts were more than adequate to dispel any possible impropriety in overruling the motion.

■ (2) Neither appellant nor his attorney objected to the statements of the witnesses with reference to the abduction and transportation of the female witness. In the absence of plain error, appellant is in no position to raise the point. Here, plain error is not presented. Consequently, Rule 52(a), FRCrim P, as construed in United States v. Machado, 457 F.2d 1372, 1375 (CA9 1972), precludes us from considering the point.

■ Further, the evidence was properly received under the well-established rule that where two offenses are so inseparably connected that proof of one necessarily involves the proof of the other, the evidence of the other crime or crimes is admissible. United States v. Hughes, 441 F.2d 12 (CA5 1971), cert. denied 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88; Schwartz v. United States, 160 F.2d 718 (CA9 1947); Johnston v. United States, 22 F.2d 1, 5 (CA9 1927), cert. denied 276 U.S. 637, 48 S.Ct. 421, 72 L.Ed. 745.

(3) Appellant's contention with reference to the absence of evidence of intent is answered by United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

Judgment affirmed.

1. 18 U.S.C. § 922(g); 18 U.S.C. § 924(a); 18 U.S.C. § 922(k).