**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Shelran HAMILTON, Edward Donald Hamilton, and Clarence Brantley, Defendants-Appellants.**

**No. 73-2237.**

United States Court of Appeals,
Fifth Circuit.

April 19, 1974.

Alex L. Zipperer, Savannah, Ga. (Court-appointed), for Robert Shelran Hamilton.

Thomas A. Edenfield, Savannah, Ga. (Court-appointed), for Clarence Brantley.

Griffin Bell, Jr., Savannah, Ga. (Court-appointed), for Edward Donald Hamilton.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., Lamar C. Walter, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before RIVES, GEWIN and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

On March 19, 1973, a two-count indictment was returned charging appellants, Robert Hamilton, Edward Hamilton and Clarence Brantley in count one with stealing government property in violation of 18 U.S.C. § 641, and Robert Hamilton and Clarence Brantley in count two with wilfully and maliciously setting fire to an occupied government building in violation of 18 U.S.C. § 81. A jury trial was conducted and resulted in a verdict of guilty on all counts. This appeal ensued. We affirm.

I

■■ Appellants make a broad-based attack on the correctness of the proceedings below. At the outset we note that the appellants were entitled to a fair trial but not a perfect one.[1] Most of the specifications of error presented by appellants were never raised by them during their trial. Failure to object to alleged errors in the trial court limits our review of such alleged errors on appeal to a determination of whether "plain error" has been committed. Rule 52, F.R. Cr.P. A reading of the record demonstrates to us that the errors specified by the appellants which were not raised in the trial court do not amount to plain

error. Moreover, even if such alleged errors had been preserved, we do not believe they contain merit. Discussion of these issues would only add bulk without substance to the criminal jurisprudence and thus we decline the invitation to write a criminal treatise.[2]

II

A. *Sufficiency of the Evidence*

First, appellants Edward Hamilton and Clarence Brantley attack the sufficiency of the government's evidence presented to establish their guilt. Viewing the evidence in the light most favorable to the government, United States v. Glasser, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), sufficient evidence was introduced from which the jury could have reasonably concluded that appellants were guilty beyond a reasonable doubt. All elements of the offenses charged were established by the government's evidence and no benefit would be gained by a review of the voluminous evidence here. *See* United States v. Gaviria, 471 F.2d 1181, 1183 (5th Cir. 1973).

B. *Motion for a Continuance*

On February 19, 1973, a preliminary hearing was conducted to determine whether there was probable cause to hold appellants for the grand jury. All of the appellants were represented by counsel at this hearing.[3] Some two

1. Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1952); Samuels v. United States, 398 F.2d 964, 971 (5th Cir. 1968).

2. United States v. McGee, 464 F.2d 542, 543 (5th Cir. 1972); United States v. Thomas, 429 F.2d 407, 408 (5th Cir. 1970). Those issues raised by appellants on appeal which were not raised in the trial court include the following claims of error: (1) The district court erred in its instruction on the burden of proof where the government relied on circumstantial evidence; (2) Prosecutorial conduct during the trial amounted to obvious error affecting the substantial rights of the appellants; (3) Clarence Brantley was denied a fair trial because the jury was permitted to view the scene of the crime; (4) The district court's comments on character evidence

were prejudicial; (5) The court's comments on the guilt of Clarence Brantley amounted to prejudicial error; (6) The court erred in commenting that Clarence Brantley had not taken the stand but further instructing the jury that the Constitution required that no inference of guilt be drawn from such failure; (7) The court erred in failing to instruct the jury regarding the unresponsive statement of a government witness; and, (8) The court erred in using information not disclosed to Robert Hamilton at the time of sentencing him.

3. Apparently one of the attorneys who orally argued on this appeal represented both Hamiltons at the preliminary hearing. Following that hearing, Robert Hamilton requested new counsel and attorney Alex Zipperer was appointed to represent him.

months later and one day prior to trial, a hearing was conducted on appellants' motion for a continuance of the trial so that they could examine the transcript of the preliminary hearing. The district court expressed its displeasure with this late motion to postpone the scheduled trial, especially since counsel had waited until the eve of the trial to make such a request. The court suggested that counsel listen to the tape recording made of the hearing. Additionally, the government offered to make available to appellants any statements made by prospective government witnesses.

Subsequently it was determined that no transcript of the preliminary hearing had been made and further that through some inadvertence the tape recording of the preliminary hearing was inaudible. Faced with this unexpected occurrence, the district court ordered the government to turn over all of its files to appellants' counsel for examination prior to trial which was scheduled to commence later that day.

■ Appellants now claim that reversal is warranted because of the failure of the government to provide a transcript of the preliminary hearing and the denial by the district court of their motion for a continuance. First, it is abundantly clear that appellants have failed to demonstrate the manner in which they were prejudiced by the government's failure to provide a transcript or the trial court's failure to grant a continuance. Counsel for appellants were present at the preliminary hearing and apparently were familiar with what transpired at the proceedings. Second, the court ordered the government to provide defense counsel with all the evidence contained in its file. Finally, in a previous hearing to determine whether appellants' bond should be reduced, defense counsel had been permitted to cross-examine the chief investigating officer used by the government in proving its case against appellants. In these circumstances, we discern no prejudicial restraint or hindrance upon the opportunity of counsel to prepare for the ensuing trial. Indeed, the record demonstrates no surprise on the part of counsel for appellants which could have possibly been cured by access to a transcript of the preliminary hearing. The record fails to reveal any harm or prejudice to appellants resulting from the facts outlined. Thus, it is apparent that the trial court did not abuse its discretion in denying the motion for continuance. United States v. Long, 419 F.2d 91, 94 (5th Cir. 1969).

## C. *Severance*

■ At trial, Edward Hamilton moved for a severance of his trial from the other two defendants. After a hearing, the court denied his motion. He asserts that his defense was unnecessarily prejudiced by a joint trial with the other two appellants who had been charged additionally with arson under count II. We see no abuse of the trial court's discretion in failing to grant Edward Hamilton's motion for severance. Rule 8(b) of the Federal Rules of Criminal Procedure provides that:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *Such defendants may be charged in one or more counts together or separately and all of the defendants need not be in each count.* (emphasis added).

Edward Hamilton was charged with the theft of government property along with the other two appellants. His conviction arose out of the same series of transactions which resulted in the indictment of the other appellants. The trial court gave careful and clear instructions which allowed the jury to separate the theft charge from the arson charge.

United States v. Ayres, 434 F.2d 60 (5th Cir. 1970). A district court's refusal to grant severance will be reversed on appeal only when it is established that the court has clearly abused its discretion. *See* United States v. Gray, 462 F.2d 164, 165 (5th Cir. 1972). We perceive no such abuse here.[4]

### D. *Testimony of Agent Louis Stevens*

At the time of his arrest, Edward Hamilton made a full statement to the investigating agent, Louis F. Stevens. Agent Stevens made notes as he received the statement but did not have appellant sign the final document distilled from these notes. During the trial, the government attempted to introduce this unsigned statement but the court refused it admission because the statement referred to the activities of the other co-defendants and thus could violate the strictures of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1969). An in camera hearing was conducted at which time all references made by Edward Hamilton to his fellow co-defendants were deleted from the statement.

Subsequently, Stevens was permitted to testify concerning the contents of the statement. During the testimony, counsel objected because he believed that Stevens was reading directly from the statement and he asserted that Stevens should exhaust his recollection before being permitted to read from it. The trial court overruled counsel's objection stating that it believed the statement was the best evidence available concerning the admissions made by Edward Hamilton on the morning of his arrest.

■ The district court carefully preserved the rights of all the appellants. First, it interrogated both Stevens and Edward Hamilton to insure that the statement elicited from him did not violate his fifth amendment protections. Second, the court required deletion of all references to the other two defendants. Counsel was permitted to fully cross-examine Stevens. In these circumstances, we conclude that no prejudice resulted to Edward Hamilton from Stevens' reference to the statement during his testimony.

### E. *Rejection of Tendered Guilty Plea*

It was apparently the trial strategy of appellant Brantley to inform the jury that he did not contest the charge of theft. Brantley theorized that letting the jury know that he admitted guilt to the theft charge would provide added credibility to his claim of innocence of the arson charge. At the beginning of the trial, Brantley's counsel did not give an opening statement but reserved the right to make an opening statement following the presentation of the government's case. At the conclusion of the government's presentation of its evidence and out of the presence of the jury, Brantley through his counsel tendered a guilty plea to the theft charge. The district court refused to accept the proffered plea because it felt the plea might unduly prejudice the defense of the other appellants. Brantley's counsel then requested the right to make his opening statement. The court inquired about the contents of this statement and counsel responded that he did not know what he would say. The court then denied the request to make an opening statement.

■ First, a trial court may refuse to accept a guilty plea within its sound discretion. Santabello v. United States, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In the circumstances outlined, we perceive no abuse of discretion by the district court in refusing the offered guilty plea. Brantley's guilty plea to the theft charge would

---

4. Appellant Brantley also asserts that the trial court erred in denying his pre-trial motion for severance. Brantley's conduct was more closely connected with the charges contained in both counts of the indictment than was the conduct of Edward Hamilton. We see no abuse in the trial court's order denying severance as to Brantley.

have unduly prejudiced the other appellants' attempted defenses to the government's charges. Second, an opening statement is a device used to inform the jury of the nature of the case and a trial court has a right to know what the intended statement will contain. This is especially true in a case of this nature where immediately prior to the tendered opening statement a criminal defendant has attempted to plead guilty to one count of a two-count indictment which charges additional defendants with the same crimes. Counsel was unable to advise the court of the nature and content of his proposed statement. Certainly a trial court has a responsibility to insure that trial strategies of one defendant do not unduly prejudice the other co-defendants. Finally, since the evidence of Brantley's guilt under the arson count was overwhelming no error could have resulted from the trial court's refusal to accept the plea. *See* United States v. Roland, 449 F.2d 1281 (5th Cir. 1971).

### III

■ Whether specifically discussed herein or not, we have considered all of the multiple contentions made by the appellants, including those contentions applicable only to one of them and those which are applicable to all. We find no merit in any of the asserted errors. The evidence of guilt is substantial and convincing. Few criminal trials are conducted with exact textbook perfection. Every detail can not be planned with precision and it is often impossible to avoid some imperfections resulting from circumstances which arise unexpectedly. As an appellate court we must review the facts and the law in a careful effort to achieve the ultimate goal of preserving the substantive and procedural rights guaranteed by the Constitution and the law applicable to the facts of the case. We have done so in this case and find no reversible error.

Judgment affirmed.