**William GIBSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3209.**

Court of Appeals of Alaska.

April 6, 1990.

William Bixby, Valdez, for appellant.

William L. Estelle, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and

Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

William Gibson pled no contest to driving while intoxicated (DWI), in violation of AS 28.35.030(a)(1), preserving the right to appeal the denial of his motion to suppress evidence obtained pursuant to an investigatory stop. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

At the hearing on the motion to suppress, the parties stipulated that on October 3, 1988, an employee of the Westmark Hotel in Valdez called the police to report that he had just observed an individual vandalize the pay telephone in the hotel lobby and flee the building. The employee described the suspect as a white male adult, approximately 5' 9" to 5' 10" in height, with brown hair, a scraggly beard and a mustache, and wearing dark clothes. The parties also stipulated that Gibson matched this description. The parties do not dispute that within a short time after receiving the call, the police observed Gibson in close proximity to the scene of the crime, nor do they dispute that the information contained in the dispatch was reliable.[1]

The sole issue presented for the trial court's determination was whether the crime of vandalizing a pay telephone constituted imminent public danger or serious harm to property so as to justify an investigatory stop. Applying *Coleman v. State*, 553 P.2d 40 (Alaska 1976), the trial court denied the motion to suppress, concluding the vandalism to the telephone was sufficient to warrant a *Coleman* stop. Gibson appeals from this ruling.

---

**1.** Gibson argues for the first time in his reply brief that the officers followed his car for some time before stopping him. He suggests that the officer may have radioed the dispatcher to ob-

tain the car owner's name and once he knew who the owner was, he stopped the car. The officer then justified the stop by saying Gibson met the vague description. Since Gibson did not raise the issue in the trial court or in his initial appellate brief, it is not properly before us. *Stuart v. State*, 698 P.2d 1218 (Alaska App. 1985).

We agree with the state's contention that our recent decision, *State v. G.B.*, 769 P.2d 452 (Alaska App.1989), controls the issue in this case. In *G.B.*, the police stopped a suspect who matched the description of a person who was reported to have committed a minor theft at a video store moments earlier. *Id.* at 453–54. In upholding the stop, we stated:

> *Coleman* addresses the problem of differentiating serious · from nonserious harm by espousing a flexible approach based on practical necessity, rather than a rigid standard of categorical exclusion. *Coleman* requires a determination of the issue based on the circumstances in each case. While the theoretical seriousness of the crime for which reasonable suspicion exists is a significant factor in each case, it is not in itself determinative.... [A] threat to public safety must be considered in conjunction with the imminence of that threat....
>
> These factors must in turn be balanced against the strength of an officer's reasonable suspicion and the actual intrusiveness of the investigative stop. The seriousness of harm necessary to support an investigative stop will thus increase or diminish in any given case depending on the totality of the circumstances surrounding the stop itself. *A minimally intrusive stop based on solid information indicating that a crime is actually in progress or has just been completed may be justified under Coleman even when the crime itself is not a felony and involves harm that in other contexts might not seem particularly serious.*

We emphasize that the *Coleman* rule is ultimately rooted in common sense and practicality. In each case, compliance with *Coleman's* requirement of recently committed serious harm must be evaluated with a view toward the fundamental concern of the *Coleman* court: the risk that an investigative stop based on mere suspicion may be used as a pretext to conduct a search for evidence.

*Id.* at 455–56 (emphasis added).

In the instant case, the police had solid information that a crime had just been completed. The officer received word from dispatch that a telephone had been vandalized at a hotel. The offense occurred moments before the dispatch and the police arrived promptly at the scene of the crime. It is also noteworthy that the investigating officer's response was minimally intrusive.

We believe the circumstances of the case eliminated the possibility of a pretextual search for evidence. Under the totality of the circumstances, the police officer "had the right and the duty to make a prompt investigation which required [him] as a matter of practical necessity to stop" Gibson. *Coleman*, 553 P.2d at 46 (quoting *Goss v. State*, 390 P.2d 220, 224 (Alaska 1964)).

Accordingly, we conclude the suspected harm was sufficient to justify an investigatory stop.

The conviction is AFFIRMED.